IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUDY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-327-WKW |
| ) | [WO] |
| STATE OF ALABAMA ) | |
| DEPARTMENT OF ) | |
| CORRECTIONS and BULLOCK ) | |
| COUNTY CORRECTIONAL ) | |
| FACILITY, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the court is Plaintiff Judy Davis's motion to amend the complaint to join an additional Plaintiff, Michele Townsend. (Doc. # 15.) Defendants State of Alabama Department of Corrections and Bullock County Correctional Facility filed an opposition. (Doc. # 20.) For the reasons to follow, the motion is due to be granted.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Personal jurisdiction and venue are not contested.

## II.  BACKGROUND

Plaintiff Judy Davis is employed as a correctional officer at Bullock County Correctional Facility, an all-male prison.  She brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for sex discrimination and for a work environment made hostile by the indecent acts of inmates that are ignored by Defendants, as well as for retaliation she endured after she complained about the inmates' acts.  On May 15, 2020, Ms. Davis brought this action within ninety days of receipt of the Notice of Right to Sue on her charge filed with the Equal Employment Opportunity Commission ("EEOC").

On January 20, 2021, Ms. Davis moved to amend her complaint to add Michele Townsend.  Ms. Townsend worked as a correctional officer at Bullock County Correctional Facility from July 29, 2017, until May 10, 2019, when she alleges that she was forced to resign based on Defendants' "failure to take corrective action" against the offending inmates.  (Doc. # 15-1, at ¶¶ 49, 72.)  Ms. Townsend seeks to join Title VII claims that are similar to Ms. Davis's.

## III.  DISCUSSION

Ms. Davis's request to amend her complaint to add an additional plaintiff is governed by both Rule 15(a) and 20(a) of the Federal Rules of Civil Procedure.  *See Fincher v. Georgia-Pacific, LLC*, No. 108-CV-3839, 2009 WL 2601322, at *1 (N.D. Ga. Aug. 24, 2009) ("In order to amend a complaint to add additional parties after a

2

responsive pleading has been filed, a plaintiff must satisfy . . . the requirements of Rule 15(a) and demonstrate compliance with one of the other rules governing the addition of parties, such as Rules 19, 20, or 21."); *see generally Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) ("Although Ingram styled her motion to add the City as a motion to amend her complaint pursuant to Fed. R. Civ. P. 15(a), this amendment amounted to a joinder, pursuant to Fed. R. Civ. P. 20."). Rule 20(a) and Rule 15(a) are addressed in turn.

**A.**     **Rule 20(a)**

Rule 20(a) permits multiple plaintiffs to join in one action where "(A) they assert any right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "(B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). "Joinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

The first prong of Rule 20(a) has "flexible meaning." A transaction "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Alexander v. Fulton Cty.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by*

*Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc). "[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.'" *Id.* (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "The second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties." *Id.* (citing *Mosley*, 497 F.2d at 1334).

Ms. Davis's proposed amendment joining Ms. Townsend satisfies both prongs of Rule 20(a). Plaintiffs worked at the same correctional facility during overlapping time periods; they were employed in the same job position; and their duty station was in the same four-sided windowed cubicle overlooking the inmates' dorm facilities. Plaintiffs also experienced the same adverse working conditions while working in the cubicle—being subjected to inmates indecently exposing their genitals and engaging in lewd acts. Defendants and their alleged breaches of policies also are common to both Plaintiffs' claims: Plaintiffs allege that the inmates' sexually explicit acts went unchecked by Defendants, notwithstanding clear policies in place to discipline inmate misconduct, and that they suffered retaliation when they complained. These similarities in Plaintiffs' place of employment, in their job positions, in the named Defendants, in the types of alleged discrimination and

4

retaliation, and in the policies allegedly violated demonstrate "logically related events" giving rise to a Rule 20(a) transaction. *Mosley*, 497 F.2d at 1333.

Defendants argue, however, that individualized fact finding is inevitable because Plaintiffs, at least "at times," worked different shifts under different supervisors during different time frames and because of the ebb and flow of inmates in and out of prison. (Doc. # 20, at 1–2.) For these reasons, Defendants contend that the claims do not arise out of the same transaction. The court has weighed those potential distinctions but finds that they do not override the factual commonalities discussed above: "Absolute identity of all events is unnecessary" under Rule 20(a). *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Moreover, the focus of Plaintiffs' claims is not so much on which inmates engaged in the offending acts but rather on how Defendants addressed Plaintiffs' complaints about the inmate misconduct. In sum, the claims that Ms. Townsend would assert against Defendants arise out of the same transaction or occurrence described in the original Complaint.

As to the second Rule 20(a) requirement, Defendants pose no objections. Plaintiffs' claims involve common questions of Title VII law. Additionally, the resolution of Plaintiffs' claims requires answers to overlapping factual questions concerning Defendants' enforcement of policies against inmates who engaged in misconduct, Defendants' knowledge of the lewd behavior of the inmates, and the

measures Defendants either did or did not take to address the incidents. Thus, there are shared questions of fact.

While both requirements for permissive joinder under Rule 20(a) are satisfied, the possibility of a severance at a later time is not foreclosed by this ruling. If after discovery, the evidence reveals that Plaintiffs' claims should be severed for trial, Defendants can move for relief under Federal Rule of Civil Procedure 42(b). At this stage, however, joinder of Plaintiffs' claims best serves judicial economy and efficiency.

**B.** **Rule 15(a)**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court should freely give leave to a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–41 (11th Cir. 2014) (cleaned up). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (citation and internal quotation marks omitted).

Defendants have presented no reason to deny leave to amend under Rule 15(a).  First, allowing Ms. Davis's amendment to add a co-Plaintiff would not cause undue delay in these proceedings.  Discovery, which is in its infancy, does not close until April 7, 2022.  (*See* Doc. # 18, § 7 (Uniform Scheduling Order).)  Trial is not set until November 7, 2022.  (*See* Doc. # 18, § 1.)  Additionally, Ms. Davis sought leave to amend the complaint prior to the scheduling order's March 26, 2021 deadline for amending the pleadings.  (*See* Doc. # 18, § 4.)  Second, Defendants do not contend, for good reason, that Ms. Davis's proposed amendment is brought in bad faith.  Ms. Townsend did not receive her Notice of Right to Sue from the EEOC until November 2020, and counsel for Ms. Townsend moved to amend the complaint to add her claims within ninety days of that date.   (*See, e.g.*, Doc. # 15-1, at 18.)  Fourth, contrary to Defendants' argument, the amendment will not cause Defendants undue prejudice.  Uniting Plaintiffs' claims for discovery promotes judicial economy and efficiency.  The risk of prejudice can be reexamined, if necessary, prior to trial. Fifth, Defendants have not raised futility as a basis for denying leave to amend. Leave to amend, therefore, is warranted under Rule 15(a).

## IV.  CONCLUSION

Because Ms. Davis seeks to amend the complaint to join a plaintiff, both Rule 20(a) and Rule 15(a) of the Federal Rules of Civil Procedure govern the motion. The prerequisites of each rule are satisfied.  Accordingly, it is ORDERED that Ms.

Davis's motion to amend the complaint (Doc. # 15) is GRANTED.  On or before **April 19, 2021**, Plaintiffs shall electronically file the Amended Complaint with a current filing date.

DONE this 9th day of April, 2021.

>	/s/ W. Keith Watkins
>	UNITED STATES DISTRICT JUDGE